# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BOBBY JOE SMITH, II,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 17-443-RAW-KEW |
| **JOE M. ALLBAUGH, DOC Director,** | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations (Dkt. 10). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma. He is attacking his conviction in Murray County District Court Case No. CF-2009-101 for First Degree Rape (Count 1), Second Degree Rape (Count 2), and Incest (Count 3), each After Former Conviction of a Felony.

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The following dates are pertinent to the motion to dismiss:

**12/11/2012:** Petitioner's Judgment and Sentence was affirmed (Dkt. 11-2).

**02/08/2013:** Petitioner filed a petition in the state district court, alleging corruption by the court, prosecutorial misconduct, and sponsorship of ineffective assistance of trial and appellate counsel (Dkt. 11-3).

**02/11/2013:** The state district court construed Petitioner's February 8, 2013, petition as a request for post-conviction relief and denied it as frivolous and meritless (Dkt. 11-4).

**03/06/2013:** Petitioner filed a petition for a writ of mandamus in the Oklahoma Court of Criminal Appeals, challenging the trial court's February 11, 2013, denial of post-conviction relief (Dkt. 11-5).

**03/11/2013:** Petitioner's conviction became final upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court.

**07/12/2013:** The Oklahoma Court of Criminal Appeals construed Petitioner's petition for a writ of mandamus as an appeal from the district court's denial of post-conviction relief and affirmed the district court's denial. *Smith v. State*, No. PC-2013-206 (Okla. Crim. App. July 12, 2013) (Dkt. 11-6).

**08/22/2013:** The district court issued an order declining to file a letter from Petitioner, stating that pursuant to Rule 5.5, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App., Petitioner could not raise issues that previously had been raised (Dkt. 11-8).

**09/05/2013:** The district court issued an order declining to file Petitioner's petition "declaring professional misconduct, etc.," finding that pursuant to Rule 5.5, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App., Petitioner could not raise the issues in a subsequent proceeding in the district court. The district court also determined the petition was frivolous (Dkt. 11-9).

**09/26/2013:** The district court issued an order declining to file pleadings titled "Petition in Error/Motion for Evidentiary Hearing" and "Petition/Motion for Supplemental Disposition of Records." In support of its decision, the district court relied upon the Oklahoma Court of Criminal Appeals' July 12, 2013, Order, which barred future collateral challenges by Petitioner. The district court found the pleadings were frivolous and sanctioned Petitioner $250.00 (Dkt. 11-10).

**10/17/2013:** The district court issued an order declining to file Petitioner's Notice of Post-Conviction Appeal, finding it was a collateral attempt to appeal his convictions. In support of its decision, the district court relied upon the Oklahoma Court of Criminal Appeals' July 12, 2013, Order, which barred future collateral challenges by Petitioner (Dkt. 11-11).

**10/30/2013:** Petitioner filed a "Notice of Intent to Appeal and Petition in Error" in the Oklahoma Court of Criminal Appeals, challenging the district court's September 26, 2013, order (Dkt. 11-12). The notice was transferred to the Oklahoma Supreme Court which transferred it back to the Court of Criminal Appeals (Dkt. 11-13).

**03/12/2014:** Absent statutory tolling, Petitioner's statutory year expired.

**04/10/2014:** The Oklahoma Court of Criminal Appeals declined jurisdiction of Petitioner's appeal from the denial of post-conviction relief on September 26, 2013, finding the Petition in Error was not timely filed (Dkt. 11-14 at 3).

**10/07/2014:** Petitioner's statutory year expired, including the days afforded to Petitioner for statutory tolling.

**10/07/2014:** Petitioner filed an entry of appearance and petition requesting the district court to send records to the Oklahoma Indigent Defense System for review.

**10/09/2014:** The district court denied Petitioner's request to send records on the basis that he had exhausted all "appealable rights."

**12/04/2017:** Petitioner filed this petition for a writ of habeas corpus.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that Petitioner's appeal of his conviction was affirmed by the Oklahoma Court of Criminal Appeals (OCCA) on December 11, 2012 in *Smith v. State*, No. F-2011-700 (Okla. Crim. App. Dec. 11, 2012) (unpublished) (Dkt. 11-2). His conviction, therefore, became final on March 11, 2013, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding

that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed). The statutory year began to run the next day on March 12, 2013, and it expired on March 12, 2014. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date). This habeas corpus petition, filed on December 4, 2017, was untimely.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. State procedural law determines whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003).

On February 8, 2013, Petitioner filed a petition setting forth "the same issues of corruption, bias, [and] cover-up" he raised in prior filings in the district court (Dkts. 11-3, 11-4).[1] The district court construed this petition as Petitioner's third application for post-conviction relief and denied relief on February 11, 2013 (Dkt. 11- 4). Because this petition was filed prior to the statutory year, it had no tolling effect. As discussed below, however, Petitioner's appeal of this order tolled the statutory year.

On March 6, 2013, Petitioner filed a Petition for a Writ of Mandamus in the OCCA, challenging the trial court's February 11, 2013, order (Dkt. 11-5). This mandamus petition had no tolling effect until March 12, 2013, the first day of Petitioner's statutory year. On July 12, 2013, the OCCA issued an order construing the mandamus petition as an appeal from the denial of post-conviction relief and affirmed the district court's denial of relief (Dkt.

---

[1] Petitioner filed numerous documents prior to the Oklahoma Court of Criminal Appeals' decision affirming his convictions and prior to his convictions becoming final (Exhibit 7, pp. 84-89). Because these documents were filed before the statutory year began, however, they had no tolling effect. *See May v. Workman*, 339 F.3d 1236,1237 (10th Cir. 2003) (holding the one-year time limitation is tolled during the pendency of a state post-conviction application properly filed *during* the limitations period (emphasis added)).

4

11-6 at 1-2, 5-7). In affirming the district court's denial of post-conviction relief, the OCCA found Petitioner had exhausted his state remedies with respect to the issues raised in his application for post-conviction relief in Murray County Case No. CF-2009-101, and he was advised that a subsequent application attempting to collaterally appeal his conviction in this case was barred (Dkt. 11-6 at 7) (citing Rule 5.5, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App.

Petitioner's statutory year was tolled during the pendency of this "mandamus petition." *See May*, 339 F.3d at 1237. Therefore, the statutory year was tolled from March 12, 2013, the day his conviction became final, until July 12, 2013, for a total of 123 days. *See* 28 U.S.C. § 2244(d)(2). *See also Maloney v. Poppel*, No. 98-6402, 1999 WL 157428, at *1 n.1 (10th Cir. Mar. 23, 1999) (unpublished) (holding that "tolling calculations should take into account both the day tolling began and the day tolling ended").

On August 22, 2013, the state district court issued an order declining to file a letter sent by Petitioner "consisting of 18 rambling pages of issues previously raised including death threats to this Judge" (Dkt. 11-8). The court relied on Rule 5.5, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App., to support its finding that Petitioner's claims were exhausted and could not be raised in subsequent proceedings in the district court. Rule 5.5 states:

> Once this Court has rendered its decision on a post-conviction appeal, that decision shall constitute a final order and the petitioner's state remedies will be deemed exhausted on all issues raised in the petition in error, brief and any prior appeals. A petition for rehearing is not allowed and these issues may not be raised in any subsequent proceeding in a court of this State.

The district court also ordered Petitioner to mail $5.21 to the Court Clerk for the return of his letter and directed the Court Clerk to shred the letter if the money was not received within 45 days (Dkt. 11-8).

On September 5, 2013, the district court received Petitioner's "Petition declaring professional misconduct, etc." (Dkt. 11-9). Again relying on Rule 5.5, the district court determined the allegations "are not new have been made previously and may not be raised in this court." The court further found the allegations were frivolous. The Court Clerk was directed to shred the petition if Petitioner did not send the court $5.21 for return postage.

On September 26, 2013, the district court received from Petitioner pleadings styled "Petition in Error/Motion for Evidentiary Hearing" and "Petition/Motion for Supplemental Disposition of Records" (Dkt. 11-10). Relying on the OCCA's order from July 12, 2013, the district court found the pleadings "are not allowed to be filed" *Id.* The court found the pleadings were frivolous and sanctioned Petitioner $250.00. *Id.* The Court Clerk was ordered to shred the pleadings within thirty (30) days if money was not received from Petitioner for postage. *Id.*

On October 17, 2013, the district court rejected Petitioner's "Notice of Post-Conviction Appeal," finding Petitioner had exhausted his state remedies (Dkt. 11-11). The Court Clerk was ordered to return the pleading upon receipt of money for postage from Petitioner or shred it if the money was not received within 45 days. *Id.*

Despite the fact that each of these "pleadings" was rejected by the district court, the court did not make a finding that the pleadings were not "properly filed." Instead, the court determined the claims were exhausted, frivolous, and barred from presentation to the court. (Dkts. 11-8, 11-9, 11-10, 11-11). The Tenth Circuit has declined to find a state post-conviction petition is "not properly filed if it is ultimately determined to be procedurally barred or otherwise is determined to be frivolous or without merit." *Habeselassie v. Novak*, 209 F.3d 1208, 1212 (10th Cir. 2000). Because the district court rejected Petitioner's pleadings on the basis of an affirmative defense and a finding that the pleadings were

6

frivolous, Petitioner is entitled to tolling for the 30 days in which he could have appealed each of the four orders to the OCCA.[2] *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (holding "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could* have sought an appeal under state law." (emphasis in original)). Therefore, Petitioner is entitled to 88 days of tolling for the time between August 22, 2013, the date the first order was issued, until November 17, 2013, thirty days after the last order was issued.[3]

Respondent asserts that on October 7, 2014, Petitioner asked the district court to send the records for his case to the Oklahoma Indigent Defense System for review.[4] The request was denied. As this document "did not call for a judicial reexamination of the judgment imposing [Petitioner's] sentence," it cannot be considered to be a post-conviction application or a request for other "collateral review." *Woodward v. Cline*, 693 F.3d 1289, 1293 (10th Cir. 2012) (holding "'collateral review' of a judgment or claim means judicial reexamination of a judgment or claim in a proceeding outside of the direct review process" (quoting *Wall*

---

[2] Petitioner appealed the district court's September 26, 2013 order to the OCCA (Dkt. 11-12). The OCCA declined jurisdiction because the appeal was filed after 30 days from entry of the district court's decision (Dkt. 11-13, 14) (citing Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (Supp. 2008)). Because the OCCA declined jurisdiction and determined the petition was not properly filed, Petitioner is only entitled to tolling for the 30 days in which he could have appealed this order. He is not entitled to tolling for the entire time the appeal was pending.

[3] Although the district court rejected Petitioner's letter received on August 22, 2013 on the basis of an affirmative defense, this "letter" did not constitute a pleading within the requirements of Oklahoma's Uniform Post-Conviction Procedure Act. *See* Okla. Stat. tit. 22, § 1081 ("A proceeding is commenced by the filing of a verified 'application for post-conviction relief' with the clerk of the court imposing judgment if an appeal is not pending."). Respondent asserts that because Petitioner's letter was not a verified application for post-conviction relief and it was not "properly filed," Petitioner is not entitled to tolling. Even if Petitioner receives tolling for the thirty (30) days he could appeal the district court's denial of relief, however, his petition still is time-barred.

[4] The exhibits for Petitioner's request and the district court's denial are not attached to the motion to dismiss.

*v. Kholi*, 562 U.S. 545, 553 (2011)). Petitioner's request for the transmission of records did not toll the AEDPA limitations period, because it did not call for a judicial reexamination of the judgment.

Adding the total of 211 days of tolling to which Petitioner is entitled to March 12, 2014, his habeas petition had to be filed on or before October 9, 2014. Petitioner filed this petition on December 4, 2017, more than three years after expiration of the statutory year.

Petitioner does not raise the issue of equitable tolling in the petition. In his response to Respondent's motion to dismiss (Dkt. 12), however, he references his other habeas case in this Court, No. CIV 17-445-RAW-KEW:

> See attached Copy of Related Case file Smith II vs. Joseph Allbaugh CIV-17-445-RAW-KEW which he asserts "presents sufficient remarks to reject the Respondents Motion on his inconsistent Presumption of the Petition being Time Barred, as described therein by the dual case relativity and complexity that supports the extenuating circumstances by Relative Matters that virtually update the time So long as it Remains Active in a related case, virtually "Piggy-Backing" by relevant association. Smith has demonstrated Due Diligence and while the Respondent failed to observe is error, "New Evidence is Not Time Barred," and should be subject for Review and Consideration, his attempt to dismiss on the Basis of Time Barring is Moot and insufficient.

(Dkt. 12 at 1-2) (emphasis and errors in original).

Petitioner claims in his response and supplemental response (Dkts. 12, 13) that he was misinformed about how to proceed in his case, and the State and Court repeatedly have misconstrued his statements. He alleges he has attention deficit disorder and autism, and he may not have had the understanding expected by the Court. He also complains that the law library staff have misdirected inmates prejudicially, the staff were not knowledgeable, and the judge sabotaged his jury trial. In addition, many of his legal files have been lost, and the Oklahoma Innocence Project has failed to return his original records. He further references unspecified, new evidence and complains about the judicial and law enforcement systems.

To the extent Petitioner may be requesting equitable tolling, he carries the burden of

8

establishing his entitlement to this relief. *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted).

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Further, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)), *cert. denied*, 531 U.S. 1194 (2001). Further, there is no evidence in the record to suggest Petitioner is actually innocent of the charges of which he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *McQuiggin v. Perkins*, 569 U.S. 383, 393-94 (2013).

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time-barred petition (Dkt. 10) is GRANTED, this action is, in all respects, DISMISSED, and Petitioner is DENIED a certificate of appealability. Petitioner's motion to compel response (Dkt. 15) is DENIED AS MOOT.

**IT IS SO ORDERED** this 28th day of September , 2018.

Ronald A. White
United States District Judge
Eastern District of Oklahoma